## EDMUNDS *v.* LEAVITT.

The defendant, in order to show the ownership of personal property to be in a third person, introduced evidence of acts of ownership over the property in question, and also over other similar property; he then, for the same purpose of showing ownership in the property in dispute to be in such third person, proposed to show that some months after the controversy arose, the property not in dispute was sold by such third person. *Held,* that the evidence was incompetent.

In an action of replevin of cattle impounded, an issue upon the possession and keeping of the cattle is supported by evidence that the animals were in the plaintiff's possession and keeping, without evidence that the defendant knew that they were so in his keeping. In order to make knowledge material, the pleadings must show an issue made thereon.

REPLEVIN, for six steers, alleged to be the property of the plaintiff, taken by the defendant in a close in Chichester, in this county, on the 25th of May, 1850. The defendant pleaded :—

1. That the steers, at the time of the taking, were the property of one Nathaniel Edmunds, and not the property of the plaintiff, and tendered an issue thereon, which was joined by the plaintiff.

2. An avowry of the taking for damage feasant in the defendant's inclosure, in Chichester, alleging that the defendant impounded the steers in the common pound, in Chichester, and gave the notice by law required to one Nathaniel Edmunds, who last before the taking and impounding, had the steers in his possession and keeping; to which avowry the plaintiff pleaded in bar, that at the time of the taking and impounding, the steers then last before had been and were in the possession and keeping of the plaintiff, of which the defendant was well knowing, with a traverse of their being last before the taking in the possession or keeping of the said Nathaniel, and concluding with a verification.

To this plea in bar of avowry, the defendant replied that the steers last before the taking were in the possession and

keeping of said Nathaniel, with a traverse of their being last before the taking in the possession or keeping of the plaintiff, and tendered an issue thereon, which was joined by the plaintiff.   The defendant pleaded :—

3.   An avowry of the taking for damage feasant, in the defendant's inclosure, in Chichester, to which avowry the plaintiff pleaded in bar that after the taking, the defendant impounded the steers in the common pound, in Chichester, on the 25th of May, and suffered them to remain and continue so impounded for more than twenty-four hours, to wit, from said 25th of May to the 27th of the same month, being forty-eight hours, the defendant well knowing the steers to be the property of the plaintiff, without causing a notice such as is required by law, to be given to the plaintiff; and to this plea in bar of the avowry, the defendant replied that at the time of the taking and impounding, and ever after, to the time of the service of the writ in this case upon him, the defendant did not know that said steers were the property of the plaintiff, and tendered an issue thereon, which was joined by the plaintiff.

Upon the trial of these issues, the plaintiff introduced evidence tending to show that he was the owner of the steers at the time of the taking, and the defendant, for the purpose of establishing the fact that the steers were owned by Nathaniel, as well as for the purpose of showing that they were in his possession or keeping last before the taking, introduced evidence tending to show that there were two dwelling houses on the plaintiff's farm, one of which was occupied by the plaintiff and his family, and the other by Nathaniel, the son of the plaintiff, and his family; that the son came there to live about the first of April, 1850, and lived there one year; that during that year he labored upon the farm and managed and took care of it, and of the stock kept upon it; that among the stock kept on it that year were these steers and a pair of oxen, which had been put on the farm some time before the son went there to live, and

which were claimed and understood to be the property of the son; that about the time the steers were taken by the defendant, the son spoke of the steers as his, and when they were replevied from the pound, they were taken possession of by the son, and driven away by him. The defendant then offered to prove by one Joseph C. Greenough, that in the fall of the year, 1850, the plaintiff and his son Nathaniel, jointly negotiated a bargain with the witness, Greenough, for a sale of the oxen to him, said Greenough, in exchange for a colt which he let them have, and that said colt, immediately after the exchange was made, was put upon the farm and kept there for some time afterwards. To this testimony of Greenough the plaintiff objected, and it was ruled out by the court.

The court instructed the jury that if either of these three issues should be found for the defendant, he was entitled to a verdict; and if all of them were found for the plaintiff, then he was entitled to a verdict. And as to the second issue, upon the possession or keeping of the steers last before the taking, the court instructed the jury that if they should find that the steers were last before the taking in the possession or keeping of said Nathaniel Edmunds, they should find that issue for the defendant, but if in the possession and keeping of the plaintiff, then for the plaintiff.

The defendant's counsel requested the court to instruct the jury that they should not find that issue for the plaintiff unless they found that the steers were last before the taking in the possession or keeping of the plaintiff, and that the defendant knew that they were so in the possession or keeping of the plaintiff. But the court declined so to instruct the jury, and did instruct them as above stated; and to the rulings and instructions of the court the defendant excepted.

The jury returned a verdict for the plaintiff, and the defendant moved that the same might be set aside and a new

trial granted, for alleged error in the rulings and instructions of the court.

*Bellows* and *Fowler,* for the defendant.

I.   Nathaniel Edmunds was shown to be on the farm where the steers in question were kept, and to exercise acts of government over them.   To prove that he had an interest in them, the defendant offered to show, that afterwards, in the same season, the plaintiff and Nathaniel Edmunds jointly disposed of other stock on the same farm, and which was brought on by Nathaniel.   This tended to show that the plaintiff and Nathaniel had a joint interest in all the stock on the farm, inasmuch as the oxen so sold were situated like the steers and the other stock.   And these circumstances, connected with the fact that Nathaniel did actually take care of the steers and the other stock, tend to prove that the steers were in Nathaniel's care and possession, and to disprove the fact that they were in the keeping and possession of the plaintiff.

It is no matter that the evidence has relation to other property and another time.   The question is, how was the property on that farm, including the stock, situated that season ?   And to determine this, it was important to know how the farm was carried on by Nathaniel Edmunds, whether as a hired man or as a tenant, and whether he had any interest or not in the stock on the place.   This was to be shown by the acts of the parties, and such acts in regard to the oxen were as significant as in regard to the steers ; both being parts of the stock on the farm.

II.   By the Revised Statutes, ch. 137 § 2, notice is to be given in twenty-four hours to the owner or person who last had the cattle in his possession or keeping, if known to the person who impounds them, so that the allegation that the defendant well knew that the plaintiff had possession, was material; and the only question is, was this put in issue by the pleadings ?

The substance of the allegation in the plea is, that the cattle were in the plaintiff's possession with the defendant's knowledge; and the defendant traverses that allegation as to the possession. Whether this does not necessarily deny such possession as is stated in the plea, that is, possession with the defendant's knowledge, is the question.

*Pierce & Minot,* and *Butters,* for the plaintiff.

We have but a word to say in regard to this case. The defendant's brief states the points between us. In regard to the first, we say, that the evidence of subsequent acts was not competent to prove title existing anterior to that time. The other matters have been settled by the jury.

EASTMAN, J. Three issues were joined in this case. The first was upon the property in the steers, the defendant alleging that they belonged to Nathaniel Edmunds, and not to the plaintiff; the second, upon the possession and keeping of the steers, last before the taking, the defendant alleging that they were in the possession of Nathaniel Edmunds; and the third, upon the defendant's knowledge of the ownership of the steers, he alleging that he did not know that they were the plaintiff's.

To sustain the two first issues, the defendant having introduced evidence tending to show that the steers were the property of Nathaniel Edmunds, and were in his possession last before the taking, then offered the testimony of Greenough, showing a sale of the oxen in the fall of the year after the controversy arose. The taking of the property was on the 25th of May, 1850, and the testimony of Greenough related to a transaction in the fall of 1850.

The court ruled the evidence of Greenough to be incompetent; and we think correctly so. The testimony related to the oxen, not the steers; and had it been admitted, a collateral issue might at once have been raised. It, moreover, had reference to a transaction occurring months subsequent

to the origin of the controversy, during which time the situation of all of the property might have been changed; and we do not see that it had that connection with the matter in dispute which could make it competent either to prove or disprove the issues.

The course pursued by the court in declining to instruct the jury, that they should not find the second issue for the plaintiff unless they found that the steers were last before the taking in the possession or keeping of the plaintiff, and that the defendant knew that they were so in the possession or keeping of the plaintiff, was also correct. The issue was upon the possession and keeping of the steers, and the issue was tendered by the defendant himself. If he had desired to make the question of knowledge a material one, he should have framed his pleadings accordingly. The plaintiff gave him an opportunity so to do, had he deemed it essential. As it was, the question of knowledge as to the possession and keeping was not put in issue by the pleadings, and it was, therefore, not necessary that the jury should so find.

So far as we can judge, from the facts disclosed, the rulings in the case were quite favorable enough to the defendant, and there must be—

*Judgment on the verdict.*